JULIA CHICO BOKEN

*v.*

JOHN BOKEN

(No. 13678)

Decided June 15, 1976.

*Wilson, Frame & Rose, Clark B. Frame* for appellant.

*Darwin F. Johnson* for appellee.

NEELY, JUSTICE:

We granted this appeal because initially it appeared that the plaintiff had done all things necessary to perfect a divorce and that the Circuit Court of Monongalia County had erroneously denied her relief. After detailed study, however, the Court finds that there were fatal procedural errors both in the trial court and in this Court, and that the divorce was properly denied.

On January 31, 1975, the plaintiff below, Julia Chico Boken, began a divorce action against her husband, the defendant below, John Boken, who was at the time a member of the armed forces. On February 6, 1975 John Boken accepted service of process in the office of the Circuit Clerk of Monongalia County and allegedly on the same day the circuit clerk appointed attorney Darwin F. Johnson as guardian *ad litem* for the defendant; however, there is no court order appointing Darwin F. Johnson as guardian *ad litem* in the record. On April 25, 1975, there was a hearing on the uncontested divorce at which the plaintiff, Julia Boken, her counsel, Clark Frame, and Darwin Johnson, as John Boken's guardian *ad litem*, were present. John Boken had personally accepted service of process, had signed a separation agreement arranging support payments, custody of the children, etc., and had signed a waiver of his rights under the Soldiers' and Sailors' Civil Relief Act of 1940.

On April 25, 1975, the day of the hearing, Darwin F. Johnson as guardian *ad litem* for John Boken filed an answer to the plaintiff's complaint in which he admitted all of plaintiff's allegations. Although it is argued in the briefs that Darwin Johnson appeared as counsel for John Boken and not merely as guardian *ad litem*, the record does not reflect that fact. Darwin Johnson accepted service of process as guardian *ad litem* and signed an answer to the plaintiff's complaint in that capacity; he appears nowhere as attorney for the defendant.

After all the evidence the circuit judge instructed counsel for the plaintiff to prepare a decree for divorce.

Two days later, however, the court advised counsel by letter that the divorce was being denied because although a guardian *ad litem* had been appointed for John Boken, the defendant had not been represented by a personal attorney. On October 22, 1975 a final order denying the divorce was entered and the plaintiff below appealed.

The record which was certified to this Court is incomplete because no proper transcript of the hearing before the circuit court or proper statement in lieu of transcript was prepared. Counsel for both parties stipulated a "statement of evidence and witnesses in lieu of transcript of the proceedings" pursuant to Rule 80(e) *W. Va. R.C.P.;* however, the circuit judge refused to sign the agreed statement of facts as is required by Rule 80(e).[1]

Even if all of the proceedings in this case were regular, this Court would be powerless to proceed on the basis of the record before us. Whenever a statement in lieu of a transcript is used on appeal, Rule 80(e) mandates that the statement be approved and signed by the judge. As the rule does not permit stipulation in lieu of the judge's approval this Court cannot infer that the plaintiff proved her case.

Even assuming, however, that the stipulation of facts were correct, the circuit court was still correct in denying the divorce on the grounds that Darwin Johnson proceeded improperly in his alleged capacity as guardian *ad litem* by answering and confessing the allegations in the divorce complaint. While Mr. Johnson could have answered and confessed if he had appeared as personal

---

[1]Rule 80(e) states in relevant part:
"... The statement shall be served upon all other adverse parties within a reasonable time after the hearing or trial, and the adverse parties may serve objections or amendments thereto within 10 days after service of the statement upon them. Thereupon the statement, with the objections or proposed amendments, shall be submitted to the court for settlement and approval and when and as settled and approved such statement becomes a part of the record when it is signed by the judge and filed with the court."

attorney for the defendant, a fact which does not appear on the record, there is no authority for a guardian *ad litem* to admit any allegation of a pleading. While a defendant may lawfully execute a waiver of his rights under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. § 501 *et seq.*, *McMahon v. McMahon*, 160 P.2d 892, 70 Cal. App. 2d 126, (1945), and may appear generally by attorney for any purpose, a guardian *ad litem* under 50 U.S.C. § 520(3) has very limited powers which do not include the power to confess allegations in a complaint. That section specifically provides:

> "In any action or proceeding in which a person in military service is a party if such party does not personally appear therein or is not represented by an authorized attorney, the court may appoint an attorney to represent him; and in such case a like bond may be required and an order made to protect the rights of such person. But no attorney appointed under this Act to protect a person in military service shall have power to waive any right of the person for whom he is appointed or bind him by his acts."

Accordingly Darwin Johnson as guardian *ad litem* was not authorized to sign an answer, except a general denial, for the defendant and the circuit court was entirely correct in refusing to grant the divorce. Therefore the judgment of the Circuit Court of Monongalia County is affirmed.

*Affirmed.*